**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**ASHLAND**

**CRIMINAL ACTION NO. 0:26-CR-008-DLB**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**V.**                     **MEMORANDUM ADDRESSING**
               **UNRESOLVED GUIDELINE OBJECTIONS**

**JASON W. BACK**                                                                **DEFENDANT**

*   *   *   *   *

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objections to the Presentence Investigation Report ("PSR") that affect the guideline calculations.   As discussed in more detail below, it is the position of the United States that the Defendant's PSR is correctly calculated and the relevant enhancements apply.

**STANDARD**

As is known to this Court, "[a]t sentencing, the court….must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing…." Fed. R. Crim. P. 32(i)(3)(B).  In resolving a disputed portion of the PSR, "[t]he court may not blindly accept the PSR, but '[w]hen a defendant fails to produce any evidence to contradict the facts set forth in the PSR, a district court is entitled to rely on those facts when sentencing the

defendant.'" *United States v. Poulsen*, 655 F.3d 492, 513 (6th Cir. 2011) (citing *United States v. Geerken*, 506 F.3d 461, 467 (6th Cir.2007).  "The government's burden is triggered when the defendant 'produce[s] some evidence that calls the reliability or correctness of the alleged facts into question' that is more than a 'bare denial.'" *Id*. *United States v. Lang*, 333 F.3d 678, 681 (6th Cir.2003).

"Sentencing judges may engage in judicial fact-finding and consider evidence under a preponderance of the evidence standard." *United States v. Shannon*, 803 F.3d 778, 788 (6th Cir. 2015) (internal citation omitted).  "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3; *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir. 1992) ("[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.").

## I.    Objection 1 – Custody and Control

The Defendant objects to the inclusion of an enhancement pursuant to U.S.S.G. § 2G1.3(b)(1)(B). That section of the Guidelines allows for a 2-level enhancement when a "defendant was a parent, relative, or legal guardian of the minor involved in the offense, or

if the minor was otherwise in the custody, care, or supervisory control of the defendant. U.S.S.G. § 2G1.3(b)(1)(B). Application Note 2(A) of § 2G1.3(b)(1). is clear that (b)(1) "is intended to have a broad application and includes offenses involving a minor entrusted to the defendant, temporarily or permanently." U.S.S.G. § 2G1.3, N. 2(A). The Note goes on to say that "the court should look to the actual relationship that existed between the defendant and the minor and not simply the legal status" in determining whether to apply the enhancement. *Id.*

The evidence in this case is clear that Back was a teacher at the minor victim's school during the illicit relationship. While the minor victim was not enrolled in Back's class, as a teacher he still occupied a position of authority over her. Further, back met and had access to the child by virtue of his position at the school. Note 5 of the guideline favors a broad application, and in this case the probation office appropriately enhanced the sentence pursuant to § 2G1.3(b)(1).

## II.     **Objection 2 – Undue Influence**

The Defendant further objects to a 2-level increase under § 2G1.3(b)(2)(B) for having unduly influenced a minor to engage in prohibited sexual contact. U.S.S.G. §2G1.3(b)(2)(B) applies when "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct." The commentary expressly provides that where the defendant is at least ten years older than the minor, there is a rebuttable presumption of undue influence. U.S.S.G. §2G1.3, n.3(B). Here there is no dispute that the defendant is well over ten years older than the minor victim. Accordingly, the presumption applies, and the burden shifts to the defendant to demonstrate that his influence over the minor was not

3

undue. He has failed to do so. Beyond the age disparity alone, the facts strongly support that Back exerted undue influence over the minor victim. As noted in the PSR, Back was a teacher at the victim's school, which at minimum placed him in a position of authority and created an unequal power dynamic between the two. For those reasons, the 2G1.2(b)(2)(B) enhancement properly applies here.

###    III.    Objection 3 – Use of a Computer

The Defendant's next objection is to the application a 2-level enhancement under §2G1.3(b)(3)(A) for the use of a computer service to persuade, induce, entice, coerce, or facilitate travel of the minor to engage in prohibited sexual conduct. As is noted by the probation office, the facts of this case clearly establish that the Defendant used his cell phone to communicate with the minor child and facilitate the offense. U.S.S.G. § 2G1.3(b)(3)(B) provides for an enhancement "if the offense involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor." The application note defines "computer" broadly, incorporating the definition found in 18 U.S.C. § 1030(e)(1), which includes any electronic device capable of data processing and communication, including smartphones.

The Defendant's objection appears to be more philosophical in nature, given the ubiquity of cell phones in modern society. While the Defendant may have disagreements with the necessity of the enhancement, there is no way to dispute that it properly applies to these facts. That said, the §2G1.3(b)(3)(B) enhancement still serves an important purpose in federal sentencing. Crimes against children are necessarily committed largely in secret. Prior to the ubiquity of the internet and computers, these crimes were facilitated in ways

4

that were harder to accomplish and easier to detect. Simply put, computers, smartphones, and the internet have been a boon for child predators. Because of these devices, those who wish to harm children can more easily identify victims to target, facilitate their offenses, and avoid detection. Now, crimes against children, such as the instant offense, can be committed with the relative privacy and safety the internet affords. Not only does the enhancement appropriately apply on these facts, its utility is still very much relevant regardless of the omnipresence computers have in modern society. For those reasons, the §2G1.3(b)(3)(B) enhancement should apply.

## IV.    Objection 4 – Obstruction

The Defendant objects to a 2-level enhancement for obstructing justice under §3C1.1. That guideline allows that "If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1. Application note 4 of that section includes a non-exhaustive list of conduct that meets the guideline, including "destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding." U.S.S.G. § 3C1.1, n. 4(B).

As the probation office notes, the Defendant regularly deleted and directed the victim to delete evidence of the relationship from their devices. After becoming aware of an internal school investigation, Back underwent a significant quest to delete evidence and

5

instructed the minor victim to lie about the relationship. Any one of these acts alone would qualify Back for this enhancement. The § 3C1.1 enhancement properly applies.

### V.    Objection V – Pattern Enhancement

Finally, the Defendant objects to the application of he pattern enhancement under § 4B1.5(b)(1). "In any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 (career offender) nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct: (1) the offense level shall be 5 plus the offense level determined under Chapters Two and Three . . ." U.S.S.G. §4B1.5(b).

The uncontroverted evidence in this case is that Back engaged in sexual activity with the minor victim on more than one occasion. The minor, during her interview, provided at least two specific dates in which she and the Defendant engaged in activity that would qualify under the guideline as prohibited sexual activity. For that reason, the pattern enhancement under §4B1.1 should apply in this case.

### CONCLUSION

For the aforementioned reasons, and those to be further discussed at the sentencing hearing, it is the position of the United States that the Presentence Investigation Report is properly calculated in this case and the Defendant's offense level, contained therein, is accurate.

Respectfully submitted,

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

By: s/ Justin E, Blankenship
Justin E. Blankenship
Assistant United States Attorney
601 Meyers Baker Rd., Suite 200
London, KY 40741
(606) 864-5523
Justin.blankenship2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2026, the foregoing was electronically filed

through the CM/ECF system, which will send notice of the filing to all counsel of record.

s/ *Justin E. Blankenship*
Assistant United States Attorney

7